1
2
3
4
5
6
7
8                 UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
10

11   DOSHA BRADFORD,                    )   Case No. EDCV 07-1022-JTL
                                        )
12               Plaintiff,             )   MEMORANDUM OPINION AND ORDER
                                        )
13        v.                            )
                                        )
14   MICHAEL J. ASTRUE,                 )
     Commissioner of Social Security,   )
15                                      )
                 Defendant.             )
16   _____ )

17

18                          **PROCEEDINGS**

19        On August 22, 2007, Dosha Bradford ("plaintiff") filed a Complaint seeking review of the

20   Social Security Administration's denial of her application for Supplemental Security Income

21   benefits.  On September 7, 2007, both plaintiff and Michael J. Astrue, Commissioner of Social

22   Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge

23   Jennifer T. Lum.  Thereafter, on March 18, 2008, defendant filed an Answer to the Complaint.

24   On May 29, 2008, the parties filed their Joint Stipulation.

25        The matter is now ready for decision.

26   ///

27   ///

28   ///

**BACKGROUND**

On June 7, 2004, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ["AR"] at 57-61).  The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration.  (AR at 33-37, 43-47).  Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR at 48).

On October 19, 2006, the ALJ conducted a hearing in San Bernardino, California.  (See AR at 156-79).  Plaintiff appeared at the hearing with counsel and testified.  (AR at 159-76). Corrine J. Porter, a vocational expert, also testified at the hearing.  (AR at 177-79).  On December 12, 2006, the ALJ issued his decision denying benefits to plaintiff.  (AR at 13-18). The ALJ determined that plaintiff had the following severe impairments: obesity; old extensor pollicis longus laceration; CMC arthritis, bilateral things, left worse than right; and laceration of the superficial radial nerve of the left thumb.  (AR at 15).  The ALJ determined that plaintiff's conditions did not meet or equal any of the impairments listed in Appendix 1 of the regulations. (Id.).  After considering plaintiff's subjective complaints and allegations, the ALJ determined that plaintiff retained the residual functional capacity to perform a range of light work.[1]  (AR at 15, 16-17).  The ALJ relied on the vocational expert's testimony at the hearing and concluded that jobs existed in significant numbers in the national economy that plaintiff could perform.  (AR at 18).  Accordingly, the ALJ concluded that plaintiff was not disabled through the date of the decision.  (Id.).  The Appeals Council denied plaintiff's timely request for review of the ALJ's decision.  (AR at 4-6).

Thereafter, plaintiff appealed to the United States District Court.

///

///

---

[1] Specifically, the ALJ determined that plaintiff has the residual functional capacity to "lift 20 pounds occasionally, and ten pounds frequently; able to sit for six hours and stand and/or walk for six hours during an eight-hour workday; able to frequently use both upper extremities for pushing, pulling, and handling; and able to perform fingering, fine finger motor movements and manipulations frequently with her right upper extremity and occasionally with her left upper extremity."  (AR at 15).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1.      The ALJ failed to properly evaluate the severity of plaintiff's depression.

2.      The ALJ failed to meet his duty to develop the record regarding plaintiff's depression.

3.      The ALJ failed to consider the side effects of plaintiff's medications when making the disability determination.

4.      The ALJ failed to present a complete hypothetical to the vocational expert.

**STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

**A.      The Sequential Evaluation**

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner

1  has established a five-step sequential process to determine whether a claimant is disabled.  20
2  C.F.R. §§ 404.1520, 416.920.

3       The first step is to determine whether the claimant is presently engaging in substantially
4  gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging
5  in substantially gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S.
6  137, 141 (1987).  Second, the ALJ must determine whether the claimant has a severe
7  impairment.  Parra, 481 F.3d at 746.  Third, the ALJ must determine whether the impairment
8  is listed, or equivalent to an impairment listed, in Appendix I of the regulations.  Id.  If the
9  impediment meets or equals one of the listed impairments, the claimant is presumptively
10 disabled.  Bowen, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment
11 prevents the claimant from doing past relevant work.  Parra, 481 F.3d at 746.  If the claimant
12 cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must
13 determine whether the impairment prevents the claimant from performing any other
14 substantially gainful activity.  Id.

15      The claimant bears the burden of proving steps one through four, consistent with the
16 general rule that at all times, the burden is on the claimant to establish his or her entitlement
17 to disability insurance benefits.  Id.  Once this prima facie case is established by the claimant,
18 the burden shifts to the Commissioner to show that the claimant may perform other gainful
19 activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

20 **B.**  **The Severity of Plaintiff's Depression**

21      Plaintiff alleges that the ALJ failed to properly evaluate the severity of plaintiff's
22 depression.  (Joint Stipulation at 4).  Defendant argues that plaintiff failed to meet her burden
23 to establish that she had a severe mental impairment.  (Joint Stipulation at 8-9).  Defendant
24 argues that because there is no evidence in the record that plaintiff ever sought treatment for
25 depression, and because plaintiff testified that she did not take the medications allegedly
26 prescribed for her depression, the ALJ properly determined that plaintiff's depression was not
27 a severe impairment.  (Joint Stipulation at 5).

28 ///

In plaintiff's November 27, 2004 Disability Report, plaintiff stated that "[her] doctor prescribed [her] nerve pills because his [sic] thinks I'm suffering from depression as well and high blood pressure."  (AR at 95).  Plaintiff indicated that she was prescribed 10 mg of amitriptylli[2] "for depression and nerves - stress" by Bonifacio Regis, M.D.  (AR at 98; see AR at 106).  In a subsequent Disability Report, plaintiff again stated that her "doctor prescribed me with nerve pills because he thinks I'm suffering from depression" and indicated that she takes amitriptyline for her depression.  (AR at 106, 108).  Plaintiff indicated that her depression began on approximately November 23, 2004.  (AR at 106).

At the hearing, plaintiff testified that the injury to her left hand is the main reason she can no longer work, but additional issues, such as mental stress due to financial problems, family problems and the constant pain in her hand, also contribute to her inability to work.  (AR at 161-62).  Plaintiff testified that she was "stressed out" and while she was not seeing anyone for her mental health issues, she had recently been referred to counseling by her doctor.  (AR at 170).  When asked if she was taking any medications for depression, plaintiff stated she "was prescribed with something" but did not take it because she did not know "if it'll go with the other stuff I'm on."[3]  (AR at 170).  Plaintiff testified that the medication was prescribed during her last visit with Dr. Regis.  (Id.).  Plaintiff went on to testify that stress sometimes interferes with her sleep, that she feels nervous or anxious, and that her concentration is affected by her conditions.  (AR at 171-72).

Objective medical evidence of an underlying impairment is necessary to establish disability.  20 C.F.R. §§ 404.1528, 404.1529.  A mere diagnosis of an impairment is not sufficient to show severity.  At step two of the sequential analysis, the ALJ must assess whether a claimant has a medically severe impairment or combination of impairments that significantly limits her ability to do basic work activities and has lasted, or is expected to last, more than 12 months.  Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005); 20 C.F.R. § 404.1520(a)(4)(ii).

---

[2]  The Court assumes that plaintiff is referring to amitriptyline, a common antidepressant.

[3]  Earlier in the hearing, plaintiff testified she was taking 800 mg ibuprofen and Tylenol with Codeine 3 for pain relief.  (AR at 169).

1   Basic work activities include the "abilities and aptitudes necessary to do most jobs," such as

2   "understanding, carrying out, and remembering simple instructions" and "responding

3   appropriately to supervision, co-workers and usual work conditions." 20 C.F.R. § 404.1521(b).

4   An impairment is not severe if it is merely a slight abnormality, or combination of slight

5   abnormalities, that has a minimal effect on the claimant's ability to do basic work activities.

6   Social Security Ruling ("SSR")[4] 96-3p.  In determining whether an impairment or combination

7   of impairments is severe, the ALJ is required to consider the claimant's subjective symptoms.

8   Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.1996) (citing 42 U.S.C. § 423(d)(2)(B) and SSR

9   86-8).  The burden is on the claimant to establish that his or her impairment is severe.  Parra,

10  481 F.3d at 746.  If the ALJ finds that the claimant lacks a medically severe impairment, the ALJ

11  cannot find the claimant to be disabled.  Webb, 433 F.3d at 686.

12          Here, substantial evidence supports the ALJ's decision.  There is no medical evidence

13  in the record that plaintiff was even diagnosed with depression.  (See AR at 146).  Even if the

14  ALJ considers plaintiff's claims of depression, at best, it establishes that plaintiff suffered from

15  a mild depressive disorder.  There is no evidence in the record that plaintiff's depression

16  significantly limits her ability to do basic work activities.  See 20 C.F.R. § 404.1521(b).  The ALJ

17  noted that "there is nothing in the record to reflect she has ever sought treatment for

18  depression" and that plaintiff admitted that she did not take the medication allegedly prescribed

19  for her depression.  (AR at 17).  The ALJ also noted that plaintiff acknowledged engaging in a

20  range of activities consistent with the residual functional capacity to perform a range of light

21  work   (Id.).  Plaintiff failed to establish that she had any medically determinable mental

22  impairment, and failed to establish that any such mental impairment was severe.  Accordingly,

23  the ALJ did not err in finding that plaintiff's alleged depression was not a severe impairment.

24  ///

25

26          [4] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's

27  regulations and policies.  Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991).  Although they
    do not have the force of law, they are nevertheless given deference "unless they are plainly

28  erroneous or inconsistent with the Act or regulations."  Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir.
    1989).

Plaintiff also argues that the ALJ failed to meet his duty to develop the record to determine the effect of plaintiff's depression on her ability to work.  An ALJ's duty to develop the record arises where the record before the ALJ is ambiguous or inadequate to allow for proper evaluation of the evidence.  20 C.F.R. §§ 404.1512(e), 416.912(e); Mayes v. Massanari, 262 F.3d 963, 968 (9th Cir. 2001).  When the evidence is ambiguous, or if the ALJ finds that the record is inadequate to allow for proper evaluation of disability, the ALJ's duty to develop the record is triggered and he or she must "conduct an appropriate inquiry."  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996).  "The ALJ's duty to develop the record fully is also heightened where the claimant may be mentally ill and thus unable to protect her own interests."  Tonapetyan v. Halter, 242 F.3d 1144, 1151 (9th Cir. 1991); see DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir.1991) (in cases of mental impairments, the duty to develop the record is especially important).  The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record.  Tonapetyan, 242 F.3d at 1150.

Although the ALJ has a duty to develop the record, the burden of proving disability remains on the claimant.  Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir.2005).  The record regarding plaintiff's depression was sufficient to allow for the proper evaluation of disability.  Plaintiff failed to establish that her depression was a severe impairment.  See Mayes v. Massanari, 276 F.3d at 458 (9th Cir. 2001) (it is the claimant's duty to prove that she is disabled).  In his decision, the ALJ discussed plaintiff's allegations of depression and noted that plaintiff had never been treated for depression and that plaintiff did not take the medication allegedly prescribed for her depression.  The record was neither ambiguous nor inadequate; rather, plaintiff failed to present evidence to establish that her depression affected her ability to do basic work activities and that it was, therefore, a severe impairment. Thus, the ALJ's duty to develop the record was not triggered.

///

///

**C.**     **The Side Effects of Plaintiff's Medications**

Plaintiff alleges that the ALJ failed to properly consider the side effects of amitriptyll, a medication plaintiff was taking for depression, nerves and stress.  (Joint Stipulation at 10). Plaintiff alleges that the amitriptyll made her drowsy, nauseous and irritable and that the ALJ failure to properly consider the impact of these side effects on her ability to obtain and sustain full-time competitive employment.  (Joint Stipulation at 10-11).  Defendant argues that any complaints of side effects is discounted by plaintiff's admission that she did not actually take the medication.  (Joint Stipulation at 11).   Defendant also argues that the ALJ properly discredited plaintiff's subjective allegations, including those regarding the side effects of her medications.  (Joint Stipulation at 11-12).

In the Pain Questionnaire dated December 29, 2004, plaintiff indicated she was taking ibuprofen for her pain.  (AR at 112).  When asked if the medication causes any side effects and what the side effects are, plaintiff replied, "[Y]es. [D]rowsiness, it has me feeling like I'm going to throw up. Sometimes irritability." (AR at 113).  At the hearing, plaintiff testified that she takes 800 milligrams of ibuprofen and Tylenol with Codeine 3 for pain relief and that the medications make her drowsy.  (AR at 169).

"The ALJ must consider all factors that might have a significant impact on an individual's ability to work."  See Erickson v. Shalala, 9 F.3d 813, 817 (9th Cir. 1993).  Side effects of medications are a factor to be considered in the formulation of a claimant's residual functional capacity. SSR 96-8p; SSR 96-7p. While plaintiff claims that the ALJ failed to properly consider the side effects caused by her medications, plaintiff offered no objective evidence that her medications affected her ability to perform work-related activities.  The only evidence of plaintiff's side effects is plaintiff's statement in the December 29, 2004 Pain Questionnaire (AR at 113) and her vague testimony at the hearing (AR at 169).  Plaintiff neither cites to nor offers any medical evidence or opinions that indicate that the amitriptyll, ibuprofen or Tylenol with Codeine 3 caused side effects that resulted in functional limitations.  See Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985) (claimant provided no clinical evidence showing that the side effects of his medications impaired his ability to work and, accordingly, failed to meet his burden

8

1  of proof).   Thus, the ALJ did not err in his consideration of the side effects of plaintiff's
2  medication.

3      In addition, an ALJ need not believe every allegation of disabling pain or functional
4  limitation.  See Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995).  In his decision, the ALJ
5  determined that plaintiff's subjective complaints were not fully credible.  (AR at 16-17).  When
6  evaluating a claimant's credibility, the ALJ should consider the claimant's reputation for lying,
7  prior inconsistent statements concerning symptoms, and other testimony by the claimant that
8  appears less than candid; unexplained or inadequately explained failure to seek treatment or
9  to follow a prescribed course of treatment; and the claimant's daily activities.  Smolen, 80 F.3d
10  at 1284.  Conflicts in a claimant's statements or testimony support a finding that the claimant
11  lacks credibility.  Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

12      The ALJ stated that he did not find plaintiff credible with regard to her allegations of total
13  disability due to inconsistencies between her stated limitations and her activities.  The ALJ
14  noted that while plaintiff said she did not believe she could work due to her injury, she testified
15  that she worked since her injury "doing warehouse work through a temporary agency and
16  watching her grandson and being paid through the GAIN program." (AR 16).  The ALJ noted
17  that she stated she stopped working because she had problems with left her left hand but,
18  when pressed for reasons why she was not working, she stated "she has problems with
19  transportation, financial difficulties, and family problems, but did not cite any impairment-related
20  difficulties." (Id.).  He also noted that plaintiff acknowledged she engaged in a wide range of
21  household chores "such as cooking and laundry, shops for groceries and can lift a 20 pound
22  bag of potatoes and a gallon of milk with each hand, walks for exercise, and enjoys reading and
23  watching television.  (AR at 17).

24      The ALJ properly cited to the inconsistences in plaintiff's statements regarding the
25  reasons she was unable to work.  See Smolen, 80 F.3d at 1284; Fair, 885 F.2d at 604 n.5
26  (conflicts in a claimant's statements or testimony support a finding that the claimant lacks
27  credibility).  The ALJ also found plaintiff's allegations of total disability inconsistent with her daily
28  activities.  With respect to daily activities, the Ninth Circuit has held that a specific finding that

a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting may be sufficient to discredit a claimant's allegations of pain.  Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001).  However, the Ninth Circuit has cautioned that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."  Fair, 885 F.2d at 603.

Here, the ALJ properly considered plaintiff's ability to do major household chores, lift a 20 pound bag of potatoes and a gallon of milk with each hand, walk for exercise, and enjoy reading and watching television.  The ALJ noted that while plaintiff's ability to perform these daily activities does not necessarily prove she can obtain and maintain employment, "her ability to perform these activities does suggest that she has the physical and mental capacity to perform at least basic work activities and is inconsistent with her allegation of total disability." (AR at 17).  The ALJ's credibility finding is supported by substantial evidence in the record, and his reasons for discrediting plaintiff's subjective complaints withstands scrutiny.  See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (if an ALJ's credibility finding is supported by substantial evidence in the record, a reviewing court may not engage in second-guessing).

**D.    The Hypothetical Question Posed to the Vocational Expert**

Plaintiff argues that the ALJ erred by omitting the limitations stemming from plaintiff's depression and the side effects of her medications from the hypothetical that the ALJ presented to the vocational expert at the hearing.  (Joint Stipulation at 13-14).  Defendant argues that because the ALJ need only include limitations supported by the record in a hypothetical to a vocational expert, the ALJ did not err by excluding limitations relating to plaintiff's depression and the side effects of plaintiff's medications.  (Joint Stipulation at 14-15).

In order for the vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations.  Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995); Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995).  The hypothetical should be "accurate, detailed and supported by the medical record."  Tackett v.

Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).  An ALJ may properly omit an alleged impairment from a hypothetical if the omission of the impairment is supported by substantial evidence in the record.  Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001).  An ALJ need only accept, and include in his hypothetical to the vocational expert, those limitations the ALJ finds credible and supported by substantial evidence in the record.  Andrews, 53 F.3d at 1044.

As discussed above, the ALJ's decision to omit the symptoms of plaintiff's depression and the alleged side effects of her prescribed medications was supported by substantial evidence in the record.  Plaintiff failed to prove there were any functional limitations stemming from her depression or the side effects of her medications that would interfere with her ability to do basic work activity.  As discussed above, plaintiff did not provide any objective medical evidence to support a finding that she suffered from depression or side effects from her medications.  Thus, their omission from the hypothetical posed to the vocational expert does not constitute error.  See Osenbrock, 240 F.3d at 1162, 1163-64 ("Because Mr. Osenbrock did not present any evidence that he suffers from sleep apnea, diabetes, organic brain disorder, or hepatitis in support of his disability claim, the ALJ did not err in failing to include these alleged impairments in the hypothetical question posed to the [vocational expert].").

## ORDER

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards. The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 20, 2008

          /s/
          JENNIFER T. LUM
          UNITED STATES MAGISTRATE JUDGE